UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62310-DIMITROULEAS/AUGUSTIN-BIRCH

**GLENN THEOBALD,**

    **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON AMENDED
MOTION FOR AUTHORIZATION OF AN ATTORNEY
FEE UNDER SECTION 206(b)(1) OF THE SOCIAL SECURITY ACT**

    The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Plaintiff's counsel's Amended Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act. DE 26. Per the conferral certificate at the end of the Amended Motion, Defendant "neither supports nor opposes requested fees and will leave it to the court to decide the fee amount." *Id.* at 7. The Court has carefully considered the Amended Motion, its attachments, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Amended Motion be **GRANTED**.

    Plaintiff Glenn Theobald filed this case to appeal Defendant Commissioner of Social Security's denial of his application for Disability Insurance Benefits. DE 1. After Plaintiff filed his appellate brief, Defendant moved to remand the case to the Social Security Administration for further administrative proceedings, and Judge Dimitrouleas remanded the case. DE 19; DE 20; DE 21. Judge Dimitrouleas later awarded Plaintiff's counsel, Attorney Heather Freeman,

$6,410.56 as an attorney fee under the Equal Access to Justice Act ("EAJA"). DE 24. On remand, the Social Security Administration determined that Plaintiff is entitled to $125,980.70 in past-due benefits and to monthly benefits going forward. DE 26-2. Attorney Freeman now seeks an attorney fee of $30,705.74 under the Social Security Act.

Under the Social Security Act, a "court may determine and allow as part of its judgment a reasonable fee for [attorney] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). If the fee being sought is within this 25% limit, the court must determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court may reduce "the attorney's recovery based on the character of the representation and the results the representative achieved," considering factors such as whether "the attorney is responsible for delay" and whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. The fee is paid out of the claimant's past-due benefits award. 42 U.S.C. § 406(b)(1)(A).

A fee award under § 406(b)(1)(A) is separate from an EAJA fee award, which is paid from agency funds when the claimant prevails and the government's position in the litigation was not substantially justified. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). An EAJA fee award offsets a fee award under § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 796; *see also Jackson*, 601 F.3d at 1272 (explaining that, where an attorney has already received a fee under the EAJA, a court can award "the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee").

The award of $30,705.74 that Attorney Freeman seeks under § 406(b)(1)(A) is approximately 24.4% of Plaintiff's past-due benefits award. This is less than the 25% statutory

cap and less than the 25% fee allowed under Plaintiff's contingent fee contract with Attorney Freeman. *See* DE 26-1. Attorney Freeman represents in the Amended Motion that "Plaintiff has no objection to the fee requested." DE 26 at 3.

The Court concludes that the requested fee is reasonable for the services rendered. Attorney Freeman obtained a sizable past-due benefits award as well as benefits going forward for her client. There is no indication that she was responsible for any delay in obtaining these results. The results were expedited because, after she filed an appellate brief, Defendant agreed to remand the case to the Social Security Administration. Billing records show that Attorney Freeman spent 26.7 hours working on the federal-court portion of the litigation. DE 23-3. The Court notes that, considering the number of hours worked, an award of $30,705.74 equates to an hourly rate of approximately $1,150. However, that hourly rate is in keeping with other § 406(b)(1)(A) fee awards in this Circuit and takes into account the inherent risk of accepting cases on contingency. *See Delano v. Saul*, No. 17-14090-CIV, 2021 WL 9682234, at *3 (S.D. Fla. June 21, 2021) (citing social security cases awarding contingency fees that equated with hourly fees between $1,000 and $1,700); *see also Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (vacating a § 406(b)(1)(A) fee award where the district court had reduced the fees sought based solely on the factor of the effective hourly rate). Finally, the Court has reviewed Attorney Freeman's qualifications, which include extensive practice in social security appeals in federal court. *See* DE 26-3. The Court finds $30,705.74 to be a reasonable fee.

Accordingly, the Court recommends that the Amended Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act [DE 26] be **GRANTED**. The Court recommends that Attorney Freeman be awarded a gross attorney fee of $30,705.74 under

42 U.S.C. § 406(b)(1)(A). Deducting the $6,410.56 EAJA fee award, the Court recommends that Attorney Freeman receive a net disbursement of $24,295.18.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 21st day of November, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE